UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TERRANCE D. MORTON, SR., | Case No. 2:17-cv-01247-RFB-GWF |
| Plaintiff, | **ORDER** |
| v. | |
| CVS HEALTH, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Second Amended Complaint (ECF No. 5), filed on December 17, 2018.

## BACKGROUND

On June 28, 2018, the Court entered an order granting Plaintiff's Application for Leave to Proceed *In Forma Pauperis* and dismissing Plaintiff's complaint with leave to amend. *See* ECF No. 4. The Court instructed Plaintiff to file an amended complaint correcting the noted deficiencies no later than July 25, 2018.

## DISCUSSION

Upon granting a request to proceed in forma pauperis and granting leave to amend, a court must additionally screen a complaint pursuant to 28 U.S.C. §1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or

1

1    delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a

2    finding of factual frivolousness is appropriate when the facts alleged rise to the level of the

3    irrational or the wholly incredible, whether or not there are judicially noticeable facts available to

4    contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

5          When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to

6    amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of

7    the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*,

8    70 F.3d 1103, 1106 (9th Cir. 1995).  In its order (ECF No. 4), the Court gave Plaintiff leave to

9    amend the noted deficiencies of his complaint and informed Plaintiff that pursuant to Local Rule

10   15-1, the Court could not refer to a prior pleading in order to make his amended complaint

11   complete.  In its order (ECF No. 4), the Court reiterated to Plaintiff that he could not refer to prior

12   pleadings and that Plaintiff must sufficiently allege each claim and the involvement of each

13   defendant.

14   **I.      Screening the Instant Second Amended Complaint**

15         Plaintiff alleges in his amended complaint that on November 19, 2015, he entered a CVS

16   store to return a product, a tube of shaving cream, and that loss prevention "agents" used

17   excessive force against him.  He alleges that Defendants refused to allow him to return the

18   product.  Plaintiff further alleges that a loss prevention store agent used a high powered

19   "stunner" on him and that another individual "jarred" his body on the left side.  He states that as

20   a result, he will need neck and back surgery.

21         Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

22   complaint for failure to state a claim upon which relief can be granted. Review under Rule

23   12(b)(6) is essentially a ruling on a question of law.  See *Chappel v. Laboratory Corp. of*

24   *America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a "short

25   and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P.

26   8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not

27   require detailed factual allegations, it demands "more than labels and conclusions" or a

28   "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

## III. Instant Amended Complaint

### a. Subject Matter Jurisdiction

Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Limited jurisdiction means that federal courts (1) possess only that power authorized by the Constitution or a specific federal statute and (2) do not have jurisdiction over a matter simply because the alleged wrong occurred in the same city, county, or state in which the court sits. *See* U.S. Const. art. III, § 2, cl. 1. Generally, subject matter jurisdiction may derive from diversity of the parties, which are "civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States," or from claims involving a federal question, which are "civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332.

Rule 8(a)(1) of the Federal Rules of Civil Procedure states that a "claim for relief must contain ... a short plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The burden of proving jurisdiction rests on the party asserting jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp*. 298 U.S. 178, 182–83 (1936). Plaintiff again fails to state the grounds for the Court's jurisdiction in his complaint nor does the complaint contain allegations demonstrating that the Court has jurisdiction.

### b. Failure to State a Claim

Although Plaintiff provides some factual description of the basis of his claims, his complaint does not sufficiently allege the legal theory under which he is pursuing his claim. He states that loss prevention "agents" of CVS used excessive force against him. The loss prevention

3

"agents" appear to be employees of the CVS store. To the extent that Plaintiff is seeking private enforcement of substantive rights created by the Constitution and Federal Statutes, he may do so under the auspices of 42 U.S.C § 1983 and must allege as such in his complaint. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989). However, in order to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988); *see also Rendell-Baker v. Kohn,* 457 U.S. 830, 838 (1982). A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49.

§ 1983 does not reach private conduct, regardless of how discriminatory or wrongful it may be. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999). Even involving cases where there is extensive state funding and regulation of a private activity, "the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350 (1974); *see also Rendell-Baker,* 457 U.S. 830 at 842-43; *Morse v. North Coast Opportunities,* 118 F.3 1338, 1340-41 (9th Cir. 1997). Only where "there is a sufficiently close nexus between the State and the challenged action of the regulated entity" will the Court allow a defendant to be subjected to a §1983 claim. *Id.* A "close nexus" exists only where the State has "exercised coercive power or has provided such significant encouragement." *Id.*, *see also Flag Bros. Inc. v. Brooks,* 436 U.S. 149, 156 (1978). The Ninth Circuit has established a two part test to establish whether or not an alleged infringement of federal rights is fairly attributable to the government: "1) the deprivation must result from a government policy, and 2) the party charged with the deprivation must be a person who may fairly be said to be a government actor." *Sutton v. Providence St. Joseph Med. Center*, 192 F.3d 826, 835 (9th Cir. 1999).

If Plaintiff intends to set forth a claim of assault and/or battery against Defendant, such causes of action occur under state law. A federal court may hear state claims that are part of the "same case or controversy" as a claim arising under federal law. 28 U.S.C. § 1367(a). Section

4

1367(a) grants supplemental jurisdiction to the federal district court for "all other claims that are so related to claims" over which the federal district court has original jurisdiction "that they form part of the same case or controversy under Article III." If Plaintiff does not intend to set forth any claims under federal law, subject matter jurisdiction may derive from diversity of the parties, which are "civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States."

Plaintiff's original complaint against Defendant CVS was dismissed because Plaintiff failed to state the grounds for jurisdiction and failed to set forth basic elements of a cause of action. His amended complaint again fails to correct the defects identified in this court's prior screening order. Plaintiff's allegations are inadequate. He again fails to allege any legal theory and fails to allege that this Court has subject matter jurisdiction over his claims. The Court, therefore, will dismiss Plaintiff's complaint. The Court, however, will allow Plaintiff another opportunity to file a third amended complaint. Plaintiff is advised that he must provide the court with a proper factual and legal basis for his claims in his third amended complaint.

If Plaintiff elects to proceed in this action by filing a third amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e). If Plaintiff fails to file a third amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice. Accordingly,

1   **IT IS HEREBY ORDERED** that Plaintiff's Second Amended Complaint (ECF No. 5) be

2   **dismissed** without prejudice with leave to amend.  Plaintiff shall have until **April 8, 2019** to file a

3   third amended complaint correcting the noted deficiencies.

4       Dated this 7th day of March, 2019.

5

6       _George Foley Jr._

        GEORGE FOLEY, JR.

7       UNITED STATES MAGISTRATE JUDGE